IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED PEARSON,

        Plaintiff,

  vs.                                 CIVIL NO.  10-130 JC/LFG

PROGRESSIVE DIRECT
INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Expedited Motion to Allow Rule 35 Examination, filed May 28, 2010 [Doc. 32].[1]  On June 3, 2010, Plaintiff Fred Pearson ("Pearson") filed an expedited response. [Doc. 33.] On June 4, 2010, the Court conducted a telephonic conference on the motion.  Additional briefing is unnecessary.

## Background

Pearson filed suit against Progressive Direct Insurance Company, contending that he was involved in an automobile collision with Erlynda Aragon, an allegedly negligent driver.  As a result of the accident, Aragon's insurer paid policy limits of $25,000.  Pearson contends that the amount paid was inadequate to compensate him for the injuries suffered.  Thus, he brings a separate action against his own insurer for underinsured benefits.

Pearson claims he suffered bodily injuries, incurred past medical and related expenses in excess of $20,000, and will incur related expenses in the future.  He further alleges that he suffered

---

[1]The emergency nature of this motion is caused by timing.  A Rule 35 examination of Plaintiff is scheduled before a normal briefing cycle can be completed.  Thus, unless the Court acted expeditiously, Defendant's requested relief would be moot.

and will continue to suffer pain and agony, was incapacitated and unable to perform household services, suffered a loss of income, lost the enjoyment of life, and is entitled to damages up to the maximum of his stacked insurance policies. [Doc. 1, Complaint, ¶¶ 7-10.] In sum, Pearson placed his physical, mental and emotional condition at issue, and is asserting claims for substantial damages and not mere "garden variety" injuries.

Defendant seeks to conduct a Fed. R. Civ. P. 35 evaluation.  However, Pearson opposes the examination unless Defendant agrees to some of Pearson's terms and conditions.  Defendant sought to resolve the dispute by agreeing to certain demands, but Pearson refused the Rule 35 examination unless all demands were met, thereby requiring the filing of the present motion.

### Rule 35 Examination

Rule 35 provides the Court with authority to order a party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  In order to justify a Rule 35 independent medical examination (IME), a party must have placed his or her mental status in controversy and there must be a showing of good cause for the Court's order.  Herrera v. Lufkin Indus., Inc., 474 F.3d 675, 689 (10th Cir. 2007).  The requirement of good cause is not a formality; instead, the Court must genuinely balance the need for the information with the right to privacy and safety of the party.  Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).  When a request for a Rule 35 evaluation is contested, the determination of whether the evaluation should proceed and under what terms and conditions is addressed to the Court's sound discretion.  O'Sullivan v. Rivera, 229 F.R.D. 184, 186 (D.N.M. 2004)

As stated *supra*, there is no question that Pearson placed his physical or mental condition in controversy through his complaint. *See* Schlagenhauf, 379 U.S. at 117, 119 (A party's own pleading may put his or her physical or mental condition in controversy).  For example, Pearson alleged serious injuries, seeks substantial damages, and anticipates calling expert witnesses in support of his claim.  Thus, Pearson's physical, mental and emotional condition are at issue, and Defendant is entitled to conduct a Rule 35 exam.  Fox  v. Gates, 179 F.R.D. 303, 307-08 (D. Colo. 1998) (discussing factors warranting Rule 35 IME).

## Preconditions

The Court next determines whether good cause exists to warrant imposition of the preconditions and stipulations Pearson requires before he will submit to the Rule 35 examination. For the reasons set out *infra*, the Court finds that the stipulations are not justified and therefore grants Defendant's motion to allow the Rule 35 examination to proceed without the requested preconditions and stipulations.

### A. Stipulation that Defendant not deduct any pay, vacation time, or sick leave for Pearson to attend one-half day of the IME

Pearson, an employee of Defendant, requires that he not be "docked" any pay, vacation time, or sick leave for attending one-half day of the Rule 35 examination.  Defendant initially agreed to this stipulation, although it argued that it did not believe it was required to pay Pearson any wages to attend the IME.  Rule 35 makes no provision for this type of demand.

By filing the lawsuit and placing his physical or mental condition at issue, Plaintiff must submit to discovery, including depositions, responses to interrogatories, responses to requests for admission, and requests for production.  While it is undisputed that Plaintiff will incur costs and fees in subjecting himself to the discovery process, he accepted that predicament by filing the lawsuit.

A party is not entitled to file a lawsuit and then object to the discovery process because it will be inconvenient or because participation in discovery will cause him to lose money.

The Court determines that Defendant need not make any stipulation regarding payment of wages to Pearson for attending the IME.  Nor is Defendant required to agree not to deduct pay, vacation time, or sick leave for Pearson to attend a half-day IME.  If Defendant so chooses, the Court will not interfere with that election but it will not require Defendant to pay for Plaintiff's time.

### B.      Stipulation concerning Dr. Buchanan's IME report

Pearson seeks to impose certain obligations on the Rule 35 physician, including production of certain notes and documents, within a specified time frame.  Defendant initially agreed to some of these requests and is free to make concessions of this nature.

However, Rule 35 does not impose the conditions that Pearson demands.  If the parties both agree that the report will be produced in thirty days, such agreement appears reasonable.

The remainder of Pearson's proposed stipulation reads more like a request for a Rule 26 expert's report, including a complete and legible copy of the report, a list of all medical records reviewed, a list of any applicable articles relied upon in formulating opinions, test results if relevant, Dr. Buchanan's curriculum vitae, and a list of "any additional records provided to Dr. Buchanan by Progressive" that were not supplied to Pearson's attorney.

The request for such disclosures as a precondition to a Rule 35 exam is improper.  Rule 35 requires that the party who moved for the IME provide a copy of the examiner's report, together with like reports of all earlier examinations of the same condition.  The report must be in writing and set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.  Fed. R. Civ. P. 35(b)(1),(2).

Should Defendant rely on the IME physician as an expert, then Defendant must comply with Rule 26 requirements by the appropriate case management deadlines. Rule 26(a)(2) requires automatic disclosure of the identity of a person who will testify as an expert witness and production of a written report by each such witness. A Rule 26 expert report must be signed by the expert and must contain a complete statement of all of the expert's opinions and the basis and reasons for them. Fed. R. Civ. P. 26(a)(2)(B). The Rule 26 report must include the data and information considered by the expert, including documents provided by counsel, exhibits to be used to support or summarize the opinions, the qualifications of the expert, and all publications authored by the expert in the last ten years. The expert is to disclose her or his compensation for review and testimony and shall provide a list of other cases in which the expert has testified at trial or by deposition in the past four years. Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

The Court already established a date for Defendant to identify its experts and provide Rule 26 expert reports. Pearson's requested stipulation would serve to modify the Court's Rule 26 disclosure deadline by imposing new time limits and obligations on Defendant. The parties may not alter the Court's Scheduling Order without court approval. Thus, Pearson's request is improper.

Defendant must abide by the requirements of Rule 35 with respect to the IME report, and comply with the Rule 26 expert report deadlines and disclosures. The request for additional stipulations is denied.

C. **Stipulation regarding disclosure of Dr. Buchanan's handwritten notes taken at the IME**

Pearson also seeks a stipulation that Defendant provide Plaintiff with a copy of Dr. Buchanan's handwritten notes made during the IME. Again, Defendant is not required to do more

than comply with the requirements of Rule 35, which does not address handwritten notes of the examining physician.  Thus, Pearson's request for the examining physician's notes is denied.

However, Pearson is free to make a request for this information by way of *subpoena duces tecum*.  In that manner, if information is sought from the doctor is objectionable, the doctor may file appropriate objections to the subpoena.  At that time, the Court will consider the rights and responsibilities of the requesting party and the witness.  Demanding the notes as a condition to submitting to an examination is not authorized under Rule 35.

**D.      Stipulation regarding payment of fees at Dr. Buchanan's deposition**

Another dispute between the parties concerns the responsibility of payment of deposition costs for Dr. Buchanan's scheduled deposition.  The nature of this dispute, however, is unclear, but Defendant intimates that it is an attempt to shift costs.  Pearson wants a stipulation indicating that Plaintiff is responsible for payment of Dr. Buchanan's deposition fees "as required by the Federal Rules of Civil Procedure."  Plaintiff, on the other hand, argues that the stipulation protects him should Defendant not pay the costs of the examination.  Defendant states it "cannot enter into a Stipulation as to how Dr. Buchanan will be reimbursed by Plaintiff for his deposition time.  To require [Defendant] to stipulate to Plaintiff's payment of deposition fees to Dr. Buchanan imposes a burden on this Defendant." [Doc. 32, p. 4.]

If Plaintiff seeks to take the deposition of Dr. Buchanan, Plaintiff is required to pay the deposition fees in accordance with the Federal Rules of Civil Procedure.  If Dr. Buchanan is identified as a defense expert, Rule 26(b)(4)(C) provides that unless manifest injustice would result, the Court must require that the party seeking discovery pay the expert a reasonable fee for the time spent in responding to discovery in Fed. R. Civ. P. 26(b)(4)(C).  There is no need for a stipulation as to this matter.  Moreover, Plaintiff clarified during the telephonic hearing, that he intended to pay

the required expert deposition fees under Rule 26, if the Rule 35 examining physician is identified as a Rule 26 expert.  Defendant agreed to pay for the Rule 35 examination and any testing that is made part of that exam.

## Conclusion

In sum, the Court determines that Plaintiff's preconditions are inappropriate and that the Rule 35 examination should proceed as scheduled, without the need for the parties to enter into the proposed stipulations.

IT IS THEREFORE ORDERED that Defendant's Motion to Allow Rule 35 Examination [Doc. 35] without the requested stipulations is GRANTED as described herein.

Lorenzo F. Garcia

Lorenzo F. Garcia
United States Magistrate Judge