IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED PEARSON,

          Plaintiff,

vs.                                                      CIVIL NO. 10-130 JC/LFG

PROGRESSIVE DIRECT
INSURANCE COMPANY,

          Defendant.

## ORDER GRANTING DEFENDANTS MOTION
## TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND REPORT

THIS MATTER is before the Court on Defendant Progressive Direct Insurance Company's ("Progressive") Motion to Exclude Plaintiff's Expert Witness and Report [Doc. 56]. The Court considered the motion and response [Doc. 60] and determines oral argument is not necessary. For reasons hereafter stated, the Court finds that Progressive's motion is well-taken and will be granted.

### Background

In this case, on April 1, 2010, the Court set pretrial deadlines, including a deadline of June 20, 2010 for Plaintiff to disclose his expert and produce Rule 26 expert reports. [Doc. 20, Scheduling Order.] Plaintiff timely filed his witness disclosures, listing only his treating medical providers. [Doc. 43.] However, almost a month after his expert disclosure and report deadline, Plaintiff disclosed his intent to name a new expert witness, Dr. McDonald. On July 26, 2010, without seeking leave of Court, Plaintiff mailed Defendant Dr. McDonald's Curriculum Vitae, fees schedule, list of prior testimony, and expert report. Plaintiff provided no explanation for the late disclosure, and did not obtain permission of the Court to submit a tardy Rule 26 report. Because discovery closed on August 30, 2010, Defendant would have no time to take Dr. McDonald's deposition,

unless the Court were to reopen discovery.  Defendant moves to exclude Dr. McDonald as an expert witness and his report.

## Civil Justice Reform Act

The Court established a case management plan intended to bring this case to completion within a target date as specified by the district's Civil Justice Expense and Delay Reduction Plan ("Plan").  The deadlines were imposed as part of the Court's case management responsibilities under the Plan promulgated by the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. §§ 471 *et seq*.  A review of the CJRA's history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6804.

The CJRA sought to address and alleviate the problems of cost and delay in federal civil litigation.  Judicial case management was included in this legislation as an integral step in eliminating delay.  *See* Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 171-72 (1989) ("One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.") Indeed, studies on court delay conducted by the Federal Judicial Center show that courts with the least amount of delay characteristically keep stricter control over the cases by the precise scheduling of cut-off dates and other deadlines.  The federal study concludes, "[A] court can handle its caseload rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion."  Steven Flanders, Case Management and Court Management in United States Courts 17, Federal Judicial Center (1997).

As part of the April 1, 2010 case management plan, the Court established deadlines within which the parties were to disclose experts and produce Fed. R. Civ. P. 26 expert reports. The mandatory disclosure obligations relating to expert reports further the salutary purposes of the CJRA. For example, advance knowledge of an opponent's proof on a claim or defense is deemed an invaluable aid in deciding whether to settle or litigate. If the case proceeds to trial, advance knowledge of the opponent's evidence similarly assists in preparing to meet the proofs at trial. *See also* Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments) ("this subdivision [26(a)(1-4)] imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement.")

Stated differently, trial by ambush is no longer an acceptable litigation strategy. *See* United States v. Procter & Gamble, Co., 356 U.S. 677, 682 (1958) (*citing* Hickman v. Taylor, 329 U.S. 495, 501 (1947) (federal discovery rules designed to "make a trial less a game of blindman's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.")) Rule 26 discovery obligations mandate full disclosure of expert opinions and the basis for the opinions at an early stage of the proceedings. Again, the advisory committee note states:

> Paragraph (2)(B) [of Fed. R. Civ. P. 26] requires that persons retained or specially employed to provide expert testimony . . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor.

Fed. R. Civ. P. 26(a)(2), advisory committee note (1993 Amendments).

Just as the scope of expert disclosure is great, so too are the risks for non-compliance. The advisory committee note states: "Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert

3

testimony not so disclosed." Fed. R. Civ. P. 26(a)(2), advisory committee note (1993 Amendments). *See* Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.) ("'The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential' to judicial management of the case."), *cert. denied,* 516 U.S. 822 (1995).

## Analysis

In his response, counsel for Plaintiff appropriately takes full responsibility for failing to submit the expert report on time. His actions are understandable, and the Court accepts his explanation. However, there is no doubt that Plaintiff failed to abide by the Court's scheduling order and the deadline for disclosure of experts and expert reports.

Plaintiff argues there has been no prejudice to Defendants due to the late disclosure, because there is still sufficient time prior to the close of discovery to depose Dr. McDonald, and "if Defendant disagrees with Dr. McDonald's opinion, Plaintiff will not oppose Defendant hiring an economic consultant." This is not sufficient to save the expert testimony in this case. Should the Court allow Plaintiff to file an untimely report, it would be compelled to grant Defendant an opportunity to obtain a counter expert and to issue its own report. Thereafter, the Court would be compelled to extend the discovery deadline so as to allow each side to take each other's expert deposition. That process alone would extend case management deadlines by three, four, or more months.

In Sims v. Great American Life Ins. Co., 469 F.3d 870, 894-95 (10th Cir. 2006), the Tenth Circuit Court of Appeals affirmed the district court's decision to exclude a party's expert witness. The Court reasoned that the party's failure to timely comply with the court's scheduling order in identifying the expert warranted exclusion of the expert.

Similarly, in GEM Realty Trust v. First National Bank of Boston, 1995 WL 127825, at *5 (D.N.H. Mar. 20, 1995) (unpublished), the plaintiff failed to disclose its expert within the time frame established by the court. The court determined that the appropriate sanction was to preclude the expert from testifying. The same is true in Sylla-Sawdon, 47 F.3d at 283-84. The fact that the expert was available to have his deposition taken was of no consequence, as the plaintiff failed to comply with the court's directive on disclosing experts and producing expert reports within a specific time period.

Under the circumstances presented in this case, the Court finds no basis to overlook Plaintiff's belated disclosure or to reopen and extend discovery. The untimely disclosure fully justifies exclusion of Dr. McDonald as an expert witness.

Thus, the Court determines that Progressive's motion is well-taken and should be GRANTED, with the result that Plaintiff's proposed expert witness, Brian McDonald, is precluded from testifying as an expert witness in this case.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo P. Garcia
United States Magistrate Judge